JOE SIMPSON PAYNE V. STATE.

No. 29,933. June 11, 1958.

*Webb, Schulz & Stokes,* by *James Gruben,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge Presiding.

The offense is driving while intoxicated as a second offender; the punishment, two years.

The operator of a filling station and several present on the occasion testified that the appellant drove into the station, ran into a vacuum cleaner, and, contrary to the operator's instruction, drove away.

Officers Schaffner and Hooker testified that they received a radio message to be on the lookout for an automobile with a certain license number, that they spotted the same and gave chase, that they observed the automobile fail to stop at a stop sign, and when they finally brought it to a halt observed the appellant, who was the driver. They testified that they asked the appellant to get out but that he failed to do so and they reached in and pulled him out, that the appellant was unsteady on his feet, smelled of intoxicants, and expressed the opinion that he was intoxicated.

They stated that they recovered a partly empty whiskey bottle on the seat, carried the appellant to the police station, and thence to the hospital, where a blood test was made with the appellant's consent. The specimen of appellant's blood was sent to the Texas Department of Public Safety for analysis, and Chemist Tullis testified that it contained .31 per cent alcohol, which was indicative of intoxication.

Appellant, testifying in his own behalf, admitted having drunk whiskey from the bottle found in his automobile on the afternoon in question but denied that he was intoxicated.

The jury resolved this conflict in the evidence against the appellant, and we find it sufficient to support its verdict.

There are no formal bills of exception, and we shall discuss the informal bills which appear in the record.

While testifying in appellant's behalf, his daughter-in-law stated on cross-examination that "this" was the first time the appellant had been "picked up" in quite some time. She was then asked this question, "How about checks?" and she replied that she knew nothing about checks; and then the appellant objected. The court sustained the objection and instructed the jury not to consider the question about checks.

During the cross-examination of the appellant, he was asked

if he had paid a fine for check swindling; he answered that it. was not swindling but "was overdrawn." At this juncture, appellant's counsel "made a motion," and the trial court promptly instructed the jury not to consider the question.

At the conclusion of the cross-examination of the appellant, his counsel requested the court to instruct the jury to consider only "the felonies," to which request the court responded:

"Ladies and Gentlemen, don't consider the questions of the District Attorney, and the answers about those others — the drinking.

"Mr. Caffey: I think it shows a system.

"The Court: I know, but I am going to withdraw it from the jury. Just don't consider anything except the felony conviction * * *."

It is appellant's contention that the phrase "I know" was a "comment on the weight of the evidence in that the implication was that the Court thought that it showed a system as well as the District Atorney by his comment." With this we cannot agree. We have concluded that the jury understood by the phrase that the court was indicating that he understood the district attorney's contention but was not agreeing with it.

In view of the tardiness of the above objections and the prompt action of the trial court, we have concluded that reversible error is not reflected by the above.

The other questions sought to be raised in appellant's brief which were not raised during the trial will not be discussed.

Finding no reversible error, the judgment of the trial court is affirmed.